# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 21-60382
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Darren Nickey,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-258-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Darren Nickey pleaded guilty to three counts of embezzlement by an employee of a gaming establishment on Indian Lands. He was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 36 months' imprisonment. The court imposed a statutory variance based on: the underrepresentation

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60382

of Nickey's criminal history; record evidence he was violent towards others; and his lack of inclination to address his alcohol issues. He contends the upward variance, pursuant to 18 U.S.C. § 3553(a), was substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as is the case here, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Nickey contends his above-Guidelines sentence unreasonably "represents a clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The reasonableness of an upward variance under § 3553(a) is evaluated under the totality of the relevant statutory factors for abuse of discretion. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (explaining in considering substantive reasonableness of sentence, "court should consider the totality of the circumstances, including the extent of any variance from the Guidelines range" (citation omitted)).

Nickey asserts that the court erred in using his uncounted tribal-court convictions as a basis for the variance because one of the factors courts consider under Guideline § 4A1.3 (departures based on inadequacy of criminal history) is whether "[t]he defendant was represented by a lawyer", and it is unclear from the record whether he was represented by counsel.

2

No. 21-60382

"[Section] 4A1.3[, however,] applies only to *departures*—based on unrepresentative criminal history category—not to *variances*". *United States v. Mejia-Heurta*, 480 F.3d 713, 723 (5th Cir. 2007) (emphasis in original).

Nickey additionally contends that the court erred in balancing his: prior violent offenses; failure to conform to societal norms and laws; and lack of propensity for self-rehabilitation. *See* § 3553(a)(1), (2)(B)–(D) (factors considered in imposing a sentence). Consistent with the court's reasons for the variance, however, and pursuant to the § 3553(a) sentencing factors, its decision to vary upwardly from the Guidelines sentencing range, as well as the extent of the variance, was not an abuse of discretion. *See United States v. McElwee*, 646 F.3d 328, 343 (5th Cir. 2011) (explaining deference given to sentencing court).

AFFIRMED.